IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAMAL BROOKS, | ) | |
| | ) | Civil Action |
|    Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| TREMRON, LLC, and DIVERSIFIED | ) | JURY TRIAL DEMANDED |
| SOURCING SOLUTIONS OF | ) | |
| GEORGIA, INC. | ) | |
| | ) | |
|    Defendants. | ) | |

_____

**PLAINTIFF SHAMAL BROOKS' COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Shamal Brooks ("Plaintiff"), and files this Complaint against Defendants Tremron, LLC ("Defendant Tremron") and Diversified Sourcing Solutions of Georgia, Inc. ("Defendant DSSG") (Defendant Tremron and Defendant DSSG collectively referred to as "Defendants"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants. Plaintiff also seeks damages, attorney's fees and costs under the FLSA for Defendants' unlawful retaliation against him.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Tremron is subject to specific jurisdiction in this Court over the claims asserted herein. Defendant DSSG is subject to jurisdiction in this Court over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

### III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From June 12 – July 17, 2018, Plaintiff was employed by Defendant as a "forklift operator".

7.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout his employment with Defendants, Plaintiff was paid on an hourly basis as a non-exempt employee entitled to overtime compensation for hours he worked in excess of 40 in workweeks.

9.

On or about July 16, 2018, two managers from Defendant Tremron called Plaintiff into a meeting and advised him that Plaintiff would not be paid for some of the overtime hours he worked in a previous pay period. Plaintiff challenged this decision stating he was owed overtime compensation for the hours he worked.

Defendants suffered or permitted Plaintiff to work the overtime hours for which Defendants refused to pay Plaintiff.

10.

On or about July 17, 2018, Defendants terminated Plaintiff's employment.

11.

Any reason provided by Defendants for terminating Plaintiff's employment is pretext for unlawful retaliation.

12.

Defendants are "employers" as that term has been defined by the FLSA.

13.

While employed by Defendants, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the full overtime wage differential for some of the hours he worked over (40).

14.

Defendant Tremron is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 per year in 2017 and 2018. Defendant DSSG is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 per year in 2017 and 2018.

15.

Plaintiff was placed to work at Defendant Tremron's facility by a staffing agency, Defendant DSSG.

16.

Defendants are jointly and severally liable for FLSA violations with respect to the employee(s) Defendants jointly employed, including Plaintiff.

17.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

19.

Defendant Tremron was responsible for supervising Plaintiff's employment and had substantial control over the FLSA violations alleged herein.

20.

Plaintiff worked for Defendant Tremron in facilities owned or leased by Tremron and performed work that was integral to Defendant Tremron's business.

21.

Plaintiff was economically dependent on Defendant Tremron as it provided the work for which Plaintiff was paid and economically dependent upon receiving.

22.

Defendant Tremron had the power to hire and fire Plaintiff, and, in fact, directed Defendant DSSG to terminate Plaintiff's employment.

23.

Defendant DSSG maintained responsibility for certain HR functions over Plaintiff's employment. Plaintiff's paychecks were issued by Defendant DSSG.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

26.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

27.

Defendants' violations of the FLSA were willful and in bad faith.

28.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

29.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked over 40 in workweeks.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

30.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

31.

Plaintiff complained to Defendant Tremron about Defendants' decision not to pay him overtime compensation to which he was entitled. Plaintiff therefore engaged in protected activity under the FLSA.

32.

Defendants responded to Plaintiff's protected activity by terminating his employment.

33.

Defendants terminated Plaintiff's employment in retaliation for Plaintiff's protected activity under the FLSA.

34.

29 U.S.C. § 215(a)(3) makes it unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

35.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

36.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

37.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

38.

Defendants knew that their conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

39.

Defendants' violations of the FLSA were willful and in bad faith.

40.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

41.

Plaintiff's statutorily protected activity was the motivating factor in Defendants' decision to terminate Plaintiff's employment.

42.

As a direct and proximate result of the retaliation, Plaintiff has sustained economic losses and emotional distress, for which he is entitled to recover from Defendants.

43.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Damages, including damages for emotional distress and pecuniary losses on Plaintiff's FLSA retaliation claim;

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 22nd day of August 2018.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile